**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.                                                    NO. 4:02cr47

ERIK LAVELLE HARVEY,

      Defendant.

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(d) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on April 20, 2007.  For the reasons set forth below, the Court FINDS that defendant's detention is warranted.

After being convicted of one (1) count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), the defendant was sentenced on September 9, 2002, to a prison term of twenty-four (24) months, as well as three (3) years supervised release.  Defendant was also ordered to pay a $100.00 special assessment.  The defendant began serving his period of supervised release on August 5, 2004, following his release from confinement.

On April 10, 2007, United States Probation Officer Douglas W. Weeks, Jr. filed a Petition on Supervised Release, alleging that the defendant violated the terms and conditions of his supervised release.

A warrant was issued for defendant's arrest on April 12, 2007, and he made his initial appearance before this Court on the Petition on April 18, 2007.

At the hearing held on April 20, 2007, the defendant waived his preliminary hearing.  A defendant may waive his preliminary hearing.   See Fed. R. Civ. P. 5.1(a)(1).  The defendant then declined to put on evidence regarding his detention and waived his detention hearing.   A defendant may also waive the right to a detention hearing guaranteed to him by the Bail Reform Act, 18 U.S.C. § 3141 et seq.   See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)).

In reaching its determinations herein, and accepting the defendant's waiver of his rights to both preliminary and detention hearings, the Court took into account the defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to both hearings.  The Court also notes that the defendant was represented by counsel when he waived his rights to preliminary and detention hearings.

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.   The defendant shall be afforded reasonable opportunity for private

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services office at Norfolk, and (iv) counsel of record for the defendant. Entered on April 20, 2007

_____/s/_____
F. Bradford Stillman
United States Magistrate Judge